UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURIE BOLLINGER,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID THAWLEY, an individual, ESMAIL ZANJANI, an individual, UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, a political subdivision of the State of Nevada,<br><br>        Defendants. | 03:05-CV-0155-LRH-RAM<br><br>ORDER |

      Presently before the court is Plaintiff Laurie Bollinger's Motion to Stay Judgment Pending Appeal (#59[1]). Defendants David Thawley, Esmail Zanjani, and the University and Community College System of Nevada have filed an opposition to Plaintiff's motion (#60).

**I.    Procedural History**

      On February 5, 2007, this court granted Defendant's motion for summary judgment. Judgment was entered the following day. On March 5, 2007, the clerk taxed costs at $1,388.65 in favor of Defendants. On October 5, 2007, Plaintiff filed a motion asking this court to stay its judgment on the bill of costs pending Plaintiff's appeal (#59).

---

[1] Refers to the court's docket.

## II.     Discussion

Plaintiff's motion asks this court to stay execution on the bill of costs pending the outcome of her appeal.  Further, Plaintiff states she is willing to post a $300 bond with the clerk to secure a stay.

Plaintiff's motion for a stay is deficient because it does not comply with Federal Rule of Civil Procedure 62(d).  That rule provides the following:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

This court's authority to issue a stay is generally conditioned upon approval of a bond. *Vacation Village, Inc. v. Clark Cnty.*, 497 F.3d 902, 913 (9th Cir. 2007) ("Federal Rule of Civil Procedure 62(d) . . . requires only that the appellant post a supersedeas bond in order to obtain a stay on appeal."); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1197 n.6 (9th Cir. 2001) ("An appellant may obtain a formal stay of the judgment pending appeal by posting a supersedeas bond.").  Here, Plaintiff has not posted a bond to secure her obligation to pay the bill of costs.  While there is some authority for the proposition that this court may grant a stay without requiring Plaintiff to post a bond, *see In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977), Plaintiff has neither presented any evidence nor mitigating circumstances that would warrant exercise of this discretion.  Plaintiff's motion is therefore denied.

///

///

///

///

///

///

2

1   IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Judgment Pending Appeal
2  (#59) is DENIED.
3   IT IS SO ORDERED.
4   DATED this 25th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3